UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 22-49542-lsg

SHANNON SCOTT, *pro se*,                  Chapter 13

                 Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER: (1) VACATING ORDER GRANTING TEMPORARY EXTENSION
OF AUTOMATIC STAY (DOCKET # 40); (2) CANCELING JANUARY 12, 2023
HEARING; AND (3) DENYING THE DEBTOR'S MOTION TO EXTEND THE
AUTOMATIC STAY (DOCKET # 38)**

This Chapter 13 case is before the Court on the Debtor's motion filed on January 3, 2023, entitled "Emergency Motion to Extend or Reimpose the Automatic Stay" (Docket # 38, the "Motion"). This case is assigned to Judge Lisa S. Gretchko. On January 4, 2023, Judge Gretchko entered an order entitled "Order Granting Temporary Extension of Automatic Stay and Scheduling Hearing" (Docket # 40, the "January 4 Order"). That order extended the stay until January 12, 2023, and scheduled the Motion for a hearing before Judge Gretchko, to be held on January 12, 2023. But on January 9, 2023, Judge Gretchko entered an order recusing herself from hearing the Motion (*see* Docket # 48), and the Motion was reassigned to the undersigned judge, by blind draw.

Having reviewed the matter, the Court concludes that a hearing on the Motion is not necessary. And for the reasons stated below, the Court will vacate the January 4 Order and deny the Motion.

The Debtor filed a voluntary petition for relief under Chapter 13 on December 5, 2022, commencing this case. The Debtor had one previous Chapter 13 case that was pending within the one year before the filing of the current case: Case No. 22-45553, which was filed on July 15,

2022 and voluntarily dismissed on September 29, 2022.

Sections 362(c)(3)(A) and 362(c)(3)(B) of the Bankruptcy Code provide:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section –
>
> . . .
>
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. §§ 362(c)(3)(A), 362(c)(3)(B).

Because the Debtor had a case pending within the year before the filing of this case that was dismissed, the automatic stay terminated 30 days after the filing of this case; namely, at the end of the day on January 4, 2023. *See, e.g., In re Franklin*, 627 B.R. 661, 662-63 (Bankr. E.D. Mich. 2021). Because the stay terminated, the Court must vacate the January 4 Order, which extended the stay to a date beyond January 4, 2023, and the Court must deny the Motion.

In the undersigned judge's view, respectfully, the January 4 Order was erroneous. Given the language of § 362(c)(3), quoted above, the Court had no authority to extend the automatic

2

22-49542-lsg    Doc 52    Filed 01/10/23    Entered 01/10/23 10:45:05    Page 2 of 4

stay beyond January 4, 2023, unless the Court first held and "completed" a hearing on the Motion within the 30 day period, *i.e.*, no later than January 4, 2023. No such hearing occurred. The timing of the Debtor's Motion made that impossible — the Motion was not filed until the afternoon of January 3, 2023.[1]

As the undersigned judge has previously held, in bench opinions and orders in other cases, the Court does not have authority, under 11 U.S.C. § 362(c)(4)(B), or under 11 U.S.C. § 105(a), or otherwise, to impose the stay once the stay has terminated under 11 U.S.C. § 362(c)(3)(A). *See, e.g.*, *In re Gerken*, Case No. 05-89213 (bench opinion given February 1, 2006 (transcript at Docket # 36) and order filed February 25, 2006 (Docket # 34); *In re Bobb*, Case No. 05-89175 (bench opinion given January 19, 2006 (transcript at Docket # 53) and order filed January 30, 2006 (Docket # 40).

This does not preclude the possibility of the Debtor obtaining an injunction that is the equivalent of an automatic stay, through a confirmed plan, as noted below. *See generally* 11 U.S.C. § 1322(b)(11); Fed. R. Civ. P. 7001(7). But that has not happened in this case; and the confirmation hearing is not scheduled to occur until February 23, 2023. (*See* the Notice at Docket # 8.)

For the reasons stated above,

IT IS ORDERED that:

1. The Order filed January 4, 2023, entitled "Order Granting Temporary Extension of

---

[1] The Debtor's Motion was untimely; it was due to be filed no later than December 12, 2022. Under this Court's local rules, a motion to extend the stay must be filed within 7 days after the filing of the bankruptcy petition. *See* L.B.R.4001-4(a) (E.D. Mich.). This deadline is designed to make sure that the Court can hold and complete a hearing on such a motion within 30 days after the petition is filed.

3

Automatic Stay and Scheduling Hearing" (Docket # 40), is vacated.

2. The hearing on the Motion, scheduled for January 12, 2023 at 10:00 a.m., is cancelled.

3. The Motion (Docket # 38) is denied.

4. This Order is without prejudice to the Debtor's right to propose, and seek to confirm, a Chapter 13 plan that imposes an injunction equivalent in effect to the automatic stay.

**Signed on January 10, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**